UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALICE BRISSETT,

                Plaintiff,                   NOT FOR PUBLICATION
                                                    ORDER
                v.                           09 CV 874 (CBA) (LB)

NEW YORK CITY TRANSIT AUTHORITY
and MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,

                Defendants.
------------------------------------------------------X
AMON, United States District Judge:

      Pro se plaintiff Alice Brissett ("plaintiff" or "Brissett") filed this action against the New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (collectively, "defendants"), alleging that they discriminated against her on the basis of gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Defendants have moved to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that she failed to file her federal complaint within ninety days of receiving her right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), as required by 42 U.S.C. §§ 2000e-5(f)(1) and 12117(a).

      Defendants argue that this action is procedurally barred because plaintiff failed to bring her Title VII action within the time proscribed by 42 U.S.C. § 2000e-5(f)(1). Under the statute, a plaintiff must commence a civil action within ninety days of the receipt of the Right to Sue Letter. The Second Circuit construes the statutory requirement for filing as analogous to a statute of limitations, Briones v. Runyon, 101 F.3d 287, 290 (2d Cir. 1996), and a "failure to bring suit within the statutory filing period is a ground for dismissing a complaint in the absence of a recognized equitable consideration." Stephens v. Salvation Army, 04 CV 1697, 2006 WL

1

2788245 at *3 (S.D.N.Y. Sept. 26, 2006), aff'd 313 Fed. Appx. 421 (2d Cir. 2009) (internal citations omitted). Like a statute of limitations, the ninety-day filing rule is a requirement "subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

It is uncontested that the plaintiff received the Right to Sue on November 24, 2008. (Nolan Decl., Ex. A, EDNY Complaint, at 5) (acknowledging, in plaintiff's own handwriting, that she received the EEOC Right to Sue letter on November 24, 2008.) The Right to Sue letter clearly and unambiguously states: "Your lawsuit must be filed **WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (Nolan Decl., Ex. A, EEOC Dismissal and Notice of Rights) (emphasis in original). Plaintiff filed the instant action in the Eastern District of New York on February 24, 2009, ninety-two days after receiving her Right to Sue Letter. (See Nolan Decl., Ex. C; ENDY Complaint; Pl. Aff., Ex. I.)

Plaintiff, however, brought her complaint to the Pro Se office before the limitations periods had expired. Plaintiff alleges that on or about February 19, 2009, she visited the Pro Se office at the Eastern District of New York where the Pro Se clerk told her to add critical missing information to her complaint, and that plaintiff had up to and including February 24, 2009 to complete the complaint form. (Pl. Aff. ¶ 21.) The handwritten date of 2/19/19 on the complaint form provides some corroboration of plaintiff's story. But for the Pro Se clerk's advice to amend her complaint, plaintiff would have timely commenced this action. Furthermore, it is at least understandable how one looking at plaintiff's papers might think that she had until February 24, 2009 to file her complaint, particularly after having been so advised by a court employee. Plaintiff undoubtedly received the Right to Sue Letter on November 24, 2008; without a specific count of ninety calendar days from November 24, 2008, one may assume plaintiff had until

February 24, 2009 to bring her complaint in federal court. Under these circumstances, the Court believes equitable tolling is appropriate. See Sanchez v. Civil Service Employees Ass'n, No. 88 Civ. 3148, 1993 WL 127198, *3 (E.D.N.Y. April 9, 1993) (finding equitable tolling justified where "[b]ut for the pro se clerk's advice to file an expanded complaint, plaintiff would have timely commenced his action"); see also Toliver v. County of Sullivan, 841 F.2d 41, 42 (2d Cir. 1988) (finding timely receipt of complaint where it was received by the pro se clerk before the expiration of the limitations period, but not officially "filed" and entered on the docket sheet until almost a month later).

Defendants alternatively argue that should the Court not find plaintiff's complaint time barred, plaintiff should be required to amend her complaint to comply with the Federal Rules of Civil Procedure. Considering Brissett's pro se status, the Court agrees that plaintiff should be afforded an opportunity to amend her complaint. See Fed. R. Civ. P. 15(a)(2) (A court "should freely give leave" to amend "when justice so requires."); see also Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) ( "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.' ") (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Upon amendment, plaintiff should comply with Fed. R. Civ. P. 8 which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Fed. R. Civ. P. 10(a) which requires a caption with the court's name, a title, a file number, and the naming of all parties. Finally, plaintiff must format her complaint according to Fed. R. Civ. P. 10(b) and state her claims in numbered paragraphs.

Accordingly, the Court denies defendants' motion to dismiss and affords plaintiff thirty days to file an Amended Complaint providing sufficient facts giving rise to her discrimination claims. The Amended Complaint shall be submitted within thirty days of this Order and contain the same docket number as this Order. The Amended Complaint will completely replace the complaint.

SO ORDERED.

Dated: Brooklyn, New York
      May 27, 2010

/S/

Carol Bagley Amon
United States District Judge