UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
ALICE BRISSETT,

                Plaintiff,                 **REPORT AND RECOMMENDATION**
                                                              **09 CV 874 (CBA)(LB)**

       - against -

MANHATTAN AND BRONX SURFACE
OPERATING AUTHORITY,

                Defendant.
------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 alleging defendant discriminated against her based on her gender when she was terminated as a probationary trainee bus operator. Amended Complaint, docket entry 28. The Court ordered plaintiff to appear for her deposition on three occasions. On two of those occasions, plaintiff was warned that if she failed to appear for her Court-ordered deposition, I would recommend that her case should be dismissed. Despite the Court's explicit warnings, plaintiff failed to appear for her deposition on March 1, 2011 and then again on March 22, 2011. Defendant moves for dismissal of plaintiff's case, or in the alternative, an extension of the discovery deadline. On March 24, 2011, I ordered plaintiff to show good cause for her failure to appear for her deposition and why this case should not be dismissed. Having received and considered plaintiff's response, I find plaintiff has failed to show good cause for why she failed to appear for her deposition as ordered. I therefore respectfully recommended that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

## BACKGROUND

Plaintiff's failure to appear at her deposition arises after several months of back and forth between the parties regarding a dispute about a confidentiality agreement and several extensions of the discovery deadline. Specifically, on October 13, 2010, plaintiff wrote to the Court to request an extension of the discovery deadline from December 1, 2010 to April 1, 2011 due to a dispute over the terms of a confidentiality agreement. The Court granted plaintiff's request in part, extending the deadline for the parties to complete all discovery to March 1, 2011. Docket entry 37.

On January 26, 2011, the Court held a telephonic discovery conference to discuss the dispute over the confidentiality agreement, and noted that the discovery deadline remained March 1, 2011. Subsequent to the conference, plaintiff appealed to Judge Amon raising concerns about the confidentiality agreement and seeking an extension of the discovery deadline. Docket entry 43. Judge Amon denied the appeal and directed plaintiff to address her request for an extension of the discovery deadline to my attention. Docket entry 46.

On February 11, 2011, plaintiff requested an extension of the discovery deadline to September 1, 2011. I granted plaintiff's request in part, again extending the deadline for discovery to April 15, 2011. Docket entry 47. By the same Order, plaintiff was directed to appear for her deposition on March 1, 2011. Id.

On March 1, 2011, defendant wrote to the Court requesting that plaintiff's case be dismissed for plaintiff's failure to appear for her deposition that day. In light of plaintiff's *pro se* status, I denied defendant's letter request to dismiss the case, and ordered plaintiff to timely appear for her deposition on March 22, 2011. Docket entry 49. Importantly, I emphasized:

> This is a Court Order and plaintiff must comply. If plaintiff fails to timely appear at her deposition on March 22, 2011, I shall recommend that this case should be dismissed. Fed. R. Civ. P. 37(b)(2)(A)(v).

2

Id.

Before she received the Court's Order affording her a final opportunity to attend her deposition, plaintiff wrote to the Court to oppose defendant's motion to dismiss for failure to prosecute. Docket entry 50. In her letter, plaintiff states that she "notified defendant, as soon as possible, that [she] could not attend her deposition date[d] March 1, 2011." Id. at 3. Plaintiff attached a letter dated February 12, 2011 addressed to defendant stating: "I will not be able to appear for the deposition that is scheduled for March 1, 2011, so, I am asking for the deposition to be rescheduled for another date." Id. at 13. Plaintiff also attached a letter dated February 28, 2011 to defendant which again stated that she was unavailable for the March 1, 2011 deposition. Id. at 14.[1] Notably, however, plaintiff never states why she is unavailable, and suggests that despite the Court's Order that she attend the deposition on March 1, 2011, she "can't do what's not possible." Id.

In response to plaintiff's letter, the Court issued an order to clarify that defendant's motion to dismiss had already been denied, and reiterated that plaintiff was being afforded one last chance to appear for her deposition on March 22, 2011:

> Plaintiff shall timely appear for her deposition on March 22, 2011 at 10:00 a.m. and shall be prepared to answer defendant's counsel's questions under oath, to the best of her ability, for seven hours. If plaintiff fails to timely appear at her deposition on March 22, 2011, I shall recommend that this case should be dismissed. Fed. R. Civ. P. 37(b)(2)(A)(v).

Docket entry 52.

On March 22, 2011, defendant renewed its motion to dismiss for plaintiff's failure to appear for her deposition. According to defendant's counsel: 1) plaintiff wrote to her on March 15, 2011 stating that she would be unavailable for the March 22, 2011 deposition because she

---

[1] Defendant's counsel states that plaintiff's February 28, 2011 letter to her was mailed only one day prior to March 1, 2011 and was not received until after plaintiff failed to appear for the deposition. Docket entry 51 at 2.

had "made other plans" for March 22, 2011; 2) defendant's counsel wrote back to plaintiff to reiterate that "plaintiff was being ordered by the court to appear for her deposition on March 22, 2011, and if she failed to do so, her case would be dismissed;" and 3) defendant's counsel made numerous calls to plaintiff, prior to the March 22, 2011 deposition, but plaintiff did not return her calls. Docket entry 53.

On March 24, 2011, the Court ordered plaintiff to show good cause why she failed to appear for her March 22, 2011 deposition and why this case should not be dismissed under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Plaintiff timely responded. Docket entry 56. Plaintiff's proffered reasons for missing her March 22, 2011 deposition include that she was following the Court's prior Order, issued over six months earlier on August 19, 2010, that "the court is not supposed to be involved in the discovery process" and that she was to notify the defendant if she couldn't make a deposition and to request another date. Docket entry 56 at 1. Plaintiff adds that defendant "never responded to [her] letter with a new date before the deadline date of March 1, 2011." Id. Plaintiff references her February 12, 2011 letter to defendant seeking a new date. Id.

Second, plaintiff argues that when her requests for an extension of the discovery deadline past March 1, 2011 were denied, she "went on with [her] appointments and commitments beyond March 1, 2011" and "she shouldn't be expected to be available beyond March 1, 2011 since "you made it plainly clear that discovery wasn't going beyond that date ..." Id. at 2.

In summary, plaintiff writes: "what may seem like defiance to you, by me not being able to comply with your present Orders, is really my way of only following your prior Order(s) that stated 1) ... no court involvement at all ... and also the discovery notices dates is suppose to be

handled by defendant ... [and] 2) ...I tried to change the discovery deadline date and you denied it ...." Id.

In the event the Court does not recommend dismissal, defendant seeks an extension of the discovery deadline. Docket entry 58.

**DISCUSSION**

Under Rule 37 of the Federal Rules of Civil Procedure, among other sanctions, the Court may dismiss the complaint for a plaintiff's failure to comply with the Court's discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."); see Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (upholding the district court's dismissal of *pro se* plaintiff's case pursuant to Rule 37 where plaintiff failed to comply with the Court's orders); Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal."); Worldcom Network Servs., Inc. v. Metro Access, Inc., 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("[S]anctions are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons.").

In particular, Rule 37 applies to a litigant's failure to appear for his or her deposition. Fed. R. Civ. P. 37(d); see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

5

In evaluating whether to dismiss a case pursuant to Rule 37, the Court looks to the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal, 555 F.3d at 302-303.

*Wilfulness*

"Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir.1997)). Plaintiff's proffered excuse for failing to appear for her deposition on March 22, 2011 is that she was following the Court's Order issued August 19, 2010 to communicate directly with defendant about any conflict with respect to deposition dates, and that defendant's counsel failed to offer her alternative dates. But even if I credit plaintiff that she was just following the Court's prior Order, nowhere does the Court's August 19, 2010 Order suggest that plaintiff should ignore an Order to appear for her deposition if she cannot resolve a scheduling conflict with defendant. Rather, the August 19, 2010 Order made clear that plaintiff was to seek the Court's assistance in such a situation ("Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another."). Moreover, the Court's March 15, 2011 Order explicitly warns plaintiff that if she fails to appear on March 22, 2011, her case would be dismissed. Plaintiff willfully chose not to comply with the Court's Order. It was not reasonable for plaintiff to rely on an Order

6

from August 2010 as the basis for her to ignore the Court's March 15, 2011 Order directing her to appear.

Likewise, plaintiff's second proffered reason, that she should not be expected to attend a deposition scheduled past March 1, 2011 since her request for an extension of the discovery deadline was denied, is nonsense. On February 16, 2011, well before the first of the two depositions plaintiff failed to appear for, the Court extended the discovery deadline to April 15, 2011. Thus, the Court-ordered depositions were both scheduled within the discovery period.

Indeed, the willfulness of plaintiff's noncompliance is made plain by her own admission that her behavior is likely to be regarded by the Court as "defiance." Docket entry 56 at 2. However, the Court does not credit plaintiff's statement that her failure to comply with the Court's Order "is really my way of only following your prior Order(s)." Id. Plaintiff's choice when she failed to appear on March 22, 2011 demonstrates a stubborn disregard and disrespect for the Court's authority.

*Efficacy of Lesser Sanctions*

I conclude that lesser sanctions would not be effective, given that the Court has warned plaintiff that she would face the severest sanction of dismissal, and yet such warning went unheeded. See RLI Ins. Co. v. May Constr. Co., Inc., No. 09 Civ. 7415(PKC), 2011 WL 1197937, at *3 (S.D.N.Y. March 22, 2011) ("The fact that defendant was warned that noncompliance would result in striking his answer and chose not to comply illustrates that lesser sanctions would be insufficient to remedy his failure"). The Court's multiple orders and warnings have not affected plaintiff's compliance; they have only delayed her failure to comply.

*Duration of Noncompliance*

The duration of the period of non-compliance also militates in favor of dismissal of plaintiff's action. Specifically, plaintiff failed to appear for two scheduled depositions, one on March 1, 2011 and one on March 22, 2011, despite the Court having issued three orders for her to appear. Docket entries 47, 49, and 52. Plaintiff has had ample opportunity to comply with the Court's orders.

*Plaintiff Was Warned of the Consequences of Noncompliance*

Similarly, plaintiff was explicitly warned of the consequences if she failed to appear at her deposition as ordered. See docket entries 49 and 52. In sum, plaintiff has been given multiple chances to comply with the Court's orders to appear for her deposition, and ample warning of the consequences if she failed to comply. Plaintiff has repeatedly flouted her obligations. Defendant should not be made to bear the cost of plaintiff's failure to comply with the Court's orders. Plaintiff's willful noncompliance with her discovery obligations and the Court's orders cannot be tolerated.

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Defendant's motion for an extension of the discovery deadline is therefore denied.

**FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: April 20, 2011
Brooklyn, New York