UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
ALICE BRISSETT,

                          Plaintiff,                          **NOT FOR PUBLICATION**
                                                                         ORDER
-against-                                               09-CV-874 (CBA)(LB)

MANHATTAN AND BRONX SURFACE
TRANSIT OPERATING AUTHORITY,

                          Defendant.
-----------------------------------------------------------------------x
AMON, United States District Judge:

       On February 24, 2009, plaintiff Alice Brissett filed this action under Title VII of the Civil Rights Act of 1964, alleging that defendant discriminated against her based on her gender when she was terminated as a probationary trainee bus operator. On April 20, 2011, this Court received a Report and Recommendation ("R&R") from the Honorable Lois Bloom, United States Magistrate Judge, recommending that the Court dismiss plaintiff's case pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

### I. Background

       By Order dated February 16, 2011, Magistrate Judge Bloom ordered plaintiff to appear for her deposition by defendant on March 1, 2011. Plaintiff did not appear. In light of plaintiff's *pro se* status, Magistrate Judge Bloom granted plaintiff a further opportunity to attend her deposition, and by Order dated March 2, 2011, Magistrate Judge Bloom ordered plaintiff to appear for her deposition on March 22, 2011. The March 2, 2011 Order explained to plaintiff that, "If plaintiff fails to timely appear at her deposition on March 22, 2011, I shall recommend that this case should be dismissed." In a March 15, 2011 Order responding to a filing by plaintiff, Magistrate Judge Bloom again directed plaintiff to appear at her deposition on March 22, 2011. That Order also

stated, "If plaintiff fails to timely appear at her deposition on March 22, 2011, I shall recommend that this case should be dismissed." Plaintiff did not appear at her March 22, 2011 deposition. On March 24, 2011, Magistrate Judge Bloom issued an Order to Show Cause directing plaintiff to show cause why the Court should not dismiss her case under Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure. Plaintiff responded on April 6, 2011.

**II.     Standard of Review**

The Court reviews "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); see also Edwards v. Fischer, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). As a preliminary matter, it would appear that plaintiff's objections to the R&R may not be timely. Pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1), plaintiff was required to file any objections to this Court within fourteen (14) days from the date of service. Under Fed. R. Civ. P. 72(b), 6(a)(1), and 6(d), it would appear that plaintiff was required to file objections by May 9, 2011. Plaintiff filed her objections on May 10, 2011, one day late. She does not indicate in her objections when she actually received the R&R. "If no objections are filed, . . . a reviewing courts should review a report and recommendation for clear error." See Edwards v. Fischer, 414 F. Supp. 2d 343, 346-47 (S.D.N.Y. 2006) (quotations omitted). The Court will also review for clear error those portions of the report and recommendation to which no objections have been made. See Lewis v. Zon, 573 F.Supp.2d 804, 811 (S.D.N.Y.2008)

**III.    Discussion**

Even reviewing that portion of the R&R to which plaintiff submitted late objections *de novo*, the Court agrees with the Magistrate Judge's legal and factual conclusions and will therefore adopt the R&R. The April 20, 2011 R&R recommends that this Court dismiss the action pursuant

to Fed. R. Civ. P. 37(b)(2)(A)(v) due to plaintiff's failure to comply with the Magistrate Judge's orders to appear at her scheduled depositions. Under that section, "If a party . . . fails to obey an order to provide or permit discovery . . ., the court where the action is pending may issue further just orders," including an order, "(v) dismissing the action or proceeding in whole or in part." A district court may also dismiss an action if a party fails to attend a deposition of that party. See Fed. R. Civ. P. 37(d).

"'[A]ll litigants, including *pro ses*, have an obligation to comply with court orders,' and failure to comply may result in sanctions, including dismissal with prejudice.'" Agiwal, 555 F.3d at 302 (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)). "[D]iscovery orders are meant to be followed. 'A party who flouts such orders does so at [her] peril.'" Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 853 (2d Cir. 1995) (quoting Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 73 (2d Cir. 1988)).

In recommending dismissal, Magistrate Judge Bloom properly considered, "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)). For the reasons stated in the R&R, the Court agrees with the Magistrate Judge's recommendation. The Court also notes that in concluding that the action should be dismissed, the Magistrate Judge explained that plaintiff had, "failed to show good cause for why she failed to appear for her deposition as ordered." Plaintiff has still not provided the Court with a reasonable excuse for her failure to appear.

3

## IV. Plaintiff's Objections

Plaintiff's objections are sometimes difficult to discern. Plaintiff claims that she should not have been required to attend her depositions because of what she perceives as defendant's failure to comply with discovery procedures. Specifically, plaintiff argues that defendant should have provided her with thirty days notice prior to her deposition. "Neither the Federal Rules of Civil Procedure nor the Rules of this Court require any specific minimum notice period; all that is required is that the notice be reasonable under the circumstances." Davidson v. Dean, 204 F.R.D. 251, 256 (S.D.N.Y. 2001) (rejecting plaintiff's excuse that defendant had provided only eight days notice for failure to appear at his deposition); see also Jones v. United States, 720 F. Supp. 355, 366 (S.D.N.Y. 1989). Defendant states that notice was sent on January 31, 2011. Even if defendant did not mail the notice until two days later, as plaintiff contends, that was still more than adequate time for plaintiff to prepare for her deposition.

To the extent plaintiff is arguing that the Magistrate Judge's August 19, 2010 Order required the defendant to provide thirty days notice, it is not evident what part of that Order plaintiff contends includes that requirement. The Order states that parties must "*respond* to discovery requests in writing within thirty (30) days" (emphasis added). It also states that requests to opposing parties must be "served at least thirty (30) days before" a previously set deadline for the conclusion of discovery. On February 16, 2011, discovery was most recently extended until April 15, 2011. Moreover, even if defendant was somehow bound by the August 19, 2010 Order to provide the plaintiff with thirty days notice prior to taking her deposition, that does not excuse plaintiff's failure to abide by three subsequent Court orders.

As for the March 22, 2011 date, plaintiff's only excuse is that discovery was previously scheduled to close on March 1, 2011, and that she could not have anticipated having to give a

4

deposition after that date. Even if this were a proper ground for her failure to comply with a court order requiring her to appear for a deposition, in the Magistrate Judge's February 16, 2011 Order, the time for completing discovery was extended until April 15, 2011. Plaintiff appears to argue that the discovery extension was made conditional on her providing defendant with certain materials and that because plaintiff knew that she would not abide by that condition, the effective discovery deadline was still March 1, 2011. However, the Magistrate Judge was not required to anticipate plaintiff's failure to comply with her orders. Nor does it appear that the discovery extension was in fact conditioned on plaintiff's compliance.[1] Again, plaintiff has failed to proffer any reasonable excuse for her failure to comply with the express orders of the Magistrate Judge.

Plaintiff's additional objections are without merit. Plaintiff objects that the March 1, 2011 deposition was not court ordered. However, in the February 16, 2011 Order, Magistrate Judge Bloom specifically directed plaintiff to appear for her deposition on March 1, 2011. The fact that the defendant initially picked the date is irrelevant. Plaintiff objects to Magistrate Judge Bloom's statement that plaintiff was ordered to appear for depositions on three occasions. Plaintiff is correct that she was only ordered to appear at two depositions. However, Magistrate Judge Bloom was referring to the fact that there were three separate *orders* that required plaintiff to appear at those depositions – one prior to the scheduled March 1, 2011 deposition and two prior to the scheduled March 22, 2011 deposition.

Plaintiff appears to argue that because she sent a letter to the defendant on February 12, 2011, stating that she was busy on March 1, 2011 – again, there is no indication of what specific commitments prevented plaintiff from attending the deposition – defendant was obligated to

---

[1] What was made conditional by the order was defendant's duty to respond to one of plaintiff's discovery requests by March 7, 2011.

5

reschedule the deposition, and the Magistrate Judge's subsequent Order requiring her to attend that deposition was without force.[2] In support of that proposition, she cites the Magistrate Judge's August 19, 2010 Order, which states, "Discovery requests are not made to the Court," and, "If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date."

However, the Order anticipates Court involvement in discovery disputes, as it states, "Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another." The Order nowhere states that plaintiff was not required to comply with subsequent orders from the Magistrate Judge. Nor was defendant obligated to reschedule the deposition at plaintiff's request for any reason or no reason at all. As stated before, even if plaintiff's argument that defendant should have rescheduled the deposition at her request was valid, it does not excuse her failure to comply with a court order directing her to attend. Moreover, it does not explain her subsequent failure to appear at the March 22, 2011 deposition, which was ordered by the Court, and prior to which she received specific notice that if she failed to attend the Magistrate Judge would recommend dismissal of her action. The Court has carefully reviewed plaintiff's arguments and finds any additional objections to be without merit.

V.     **Conclusion**

Magistrate Judge Bloom issued three orders requiring the plaintiff to attend her scheduled depositions. Two of those orders specifically stated that if plaintiff failed to attend her deposition,

---

[2] Plaintiff's February 12, 2011 letter states: "I will not be able to appear for the deposition that is scheduled for March 1, 2011, so, I am asking for the deposition to be rescheduled for another date." (Docket Entry 50.) The letter never provides a more specific reason for plaintiff's inability to attend the scheduled deposition.

the Magistrate Judge would recommend that plaintiff's case be dismissed. Plaintiff has failed to proffer any reasonable excuse for why she failed to attend. Accordingly, the Court hereby adopts the R&R of April 20, 2011 as the opinion of the Court. Consistent with the recommendations therein, the Court dismisses plaintiff's claims with prejudice. The Clerk of the Court is directed to enter judgment in accordance with this Order and close the case.

SO ORDERED.

Dated: Brooklyn, New York
May 19, 2011

/S/
_____
Carol Bagley Amon
United States District Judge

Copy mailed to:
Alice Brissett
780 Henderson Avenue
Apt. 5H
Staten Island, NY 10310

7